GARLAND KINSLOW and WANDA L. KINSLOW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kinslow v. Commissioner
Docket No. 16409-79.
United States Tax Court
T.C. Memo 1981-736; 1981 Tax Ct. Memo LEXIS 1; 43 T.C.M. (CCH) 224; T.C.M. (RIA) 81736; December 31, 1981. Garland Kinslow, pro se. Katherine S. Weed, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1977 in the amount of $ 1,553. The only issue for decision is whether petitioners are entitled to exclude from their gross income for the year 1977 under section 105(d)[1] an amount of $ 5,200. All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Huntsville, Alabama, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1977 with the Internal Revenue Service Center at Chamblee, Georgia. Garland Kinslow (petitioner) retired on disability in November 1975 from the Army Missile Command. *3 In 1977 petitioner received $ 10,329.33 in disability payments. In 1977 petitioner was 55 years old. Petitioners on their joint Federal income tax return for 1977 reported total income prior to the disability income exclusion of $ 27,105. They excluded $ 5,200 from this amount as a disability income exclusion arriving at adjusted gross income of $ 21,905. Respondent in his notice of deficiency increased petitioners' income as reported by the $ 5,200 disability income exlcusion explaining that this exclusion had been disallowed "because Internal Revenue Code Section 105(d)(3) states that if adjusted gross income before disability income exclusion exceeds $ 15,000.00, the excludable portion must be reduced by the adjusted gross income in excess of $ 15,000.00." Section 105(d)(1) and (2), [2] as applicable to the year 1977, provides that a taxpayer who is retired on disability and has not attained the age of 65 before the close of the taxable year may exclude from gross income amounts which constitute wages or payments in lieu of wages for a period during which he is absent from work on account of permanent and total disability to the extent of $ 100 per week. *4 Respondent does not contend that petitioner does not come within these provisions. *5 However, section 105(d)(3) provides for a phaseout of the exclusion if the taxpayer's adjusted gross income exceeds $ 15,000. Under this section if the taxpayer's adjusted gross income without regard to the exclusion provided for in section 105(d) exceeds $ 15,000, the amount of the exclusion otherwise allowable shall be reduced by the excess of the adjusted gross income over $ 15,000. Section 105(d)(5) provides that if a taxpayer is married at the close of the taxable year and not living apart from his spouse, the exclusion provided for in section 105(d) shall be allowed only if the taxpayer and his spouse file a joint return for the taxable year. In the case of such a joint return, subsection 105(d)(3), providing for the phaseout in case of income over $ 15,000, shall be applied with respect to their combined adjusted gross income. Clearly, under the facts in this record and the provisions of section 105(d)(3) and (5), petitioners' income was sufficient to phaseout the entire $ 5,200 exclusion claimed by petitioners. This phaseout adjustment is mathematical and petitioners do not contend that it does not wipe out the entire exclusion if it is applicable to them. Petitioners' *6 contention is that the law did not provide for a phaseout of the exclusion in the case of income exceeding $ 15,000 in 1975 when petitioner retired and that the 1975 law should be applied in determining their 1977 taxable income. Petitioner states that he retired in reliance on the law as it existed in 1975 and therefore should be allowed the entire $ 5,200 exclusion. Section 105(d) was amended by Pub. L. 94-455, section 505(a), 90 Stat. 1566, to add thereto paragraph (3) providing for the phaseout of the exclusion for disability pay where a taxpayer's gross income exceeds $ 15,000. This section was further amended by Pub. L. 95-600, section 701(c), 92 Stat. 2899, to include the provision now contained in section 105(d)(5)(B)(ii) that section 105(d)(3) shall be applied with respect to a married couple's combined gross income. The statute specifically provided that this provision was to be effective as if included in section 105(d) as amended by Pub. L. 94-455, section 505(a), 90 Stat. 1566. Initially, the effective date of section 105(d)(3) was to be December 31, 1975, but Pub. L. 95-30, section 301(a), provided that the effective date of the amendment shall be for taxable years *7 beginning after December 31, 1976. There is no provision in the statute that the phaseout of the exclusion when adjusted gross income exceeds $ 15,000, is inapplicable to an individual who retired prior to the effective date of the law. Therefore, the law as amended is applicable to petitioners even though a different law applied at the time petitioner retired. It is well settled that a deduction or exclusion from gross income provided for by a statute is not a vested right of an individual. When the law is changed, the individual's income is to be computed under the law applicable to the year for which income is being determined unless the statute making the change provides to the contrary. Picchione v. Commissioner, 54 T.C. 1490 (1970), affd. 440 F.2d 170 (1st Cir. 1971). As the Circuit Court pointed out in its opinion in the Picchione case at page 173: Tax liability is not a contract. Welch v. Henry, ante, at 146, 59 S.Ct. 1211. Nor has the government ever represented that futue years would not bring changes in the tax laws. Such changes are as inevitable as taxation itself. * * * Clearly, under the law applicable to the *8 year 1977, petitioners' total gross income was sufficiently in excess of $ 15,000 to reduce the amount of the $ 5,200 exclusion to which petitioner otherwise would have been entitled to zero. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Sec. 105 provides in part as follows: SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS. (a) Amounts Attributable to Employer Contributions.--Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer. (d) Certain Disability Payments.-- (1) In general.--In the case of a taxpayer who-- (A) has not attained age 65 before the close of the taxable year, and (B) retired on disability and, when he retired, was permanently and totally disabled, gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability. (2) Limitation.--This subsection shall not apply to the extent that the amounts referred to in paragraph (1) exceed a weekly rate of $ 100. (3) Phaseout over $ 15,000.--If the adjusted gross income of the taxpayer for the taxable year (determined without regard to this subsection) exceeds $ 15,000, the amount which but for this paragraph would be excluded under this subsection for the taxable year shall be reduced by an amount equal to the excess of the adjusted gross income (as so determined) over $ 15,000. (5) Special rules for married couples.-- (A) Married couple must file joint return.--Except in the case of a husband and wife who live apart at all times during the taxable year, if the taxpayer is married at the close of the taxable year, the exclusion provided by this subsection shall be allowed only if the taxpayer and his spouse file a joint return for the taxable year. (B) Application of paragraphs (2) and (3).--In the case of a joint return-- (i) paragraph (2) shall be applied separately with respect to each spouse, but (ii) paragraph (3) shall be applied with respect to their combined adjusted gross income. (C) Determination of marital status.--For purposes of this subsection, marital status shall be determined under section 143(a). (D) Joint return defined.--For purposes of this subsection, the term "joint return" means the joint return of a husband and wife made under section 6013.↩